# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIILIU WASHINGTON,<br><br>          Plaintiff,<br><br>   v.<br><br>AKANNO, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:09-cv-00500-GBC (PC)<br><br>**AMENDED SECOND INFORMATIONAL ORDER - NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANT'S MOTION TO DISMISS** |

**I.    Procedural History**

Plaintiff Kiiliu Washington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 6, 2012, the Court issued a second informational order, advising Plaintiff that Defendant may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 16-1. On May 9, 2012, Defendant filed a motion to dismiss. Doc. 17. On June 11, 2012, Plaintiff filed an opposition to Defendant's motion to dismiss. Doc. 18. On June 13, 2012, Defendant filed a reply to Plaintiff's opposition. Doc. 19.

**II.    *Woods v. Carey* and Contemporaneous Notice**

On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for opposing a defendant's motion to dismiss should be issued contemporaneously when a defendant files a motion to dismiss. *Woods v. Carey*, 2012 WL 2626912, at * 4 (9th Cir. Jul. 6, 2012). In order to ensure that Plaintiff has received adequate notice, the Court will issue this amended second informational order to Plaintiff, in accordance with *Woods*.

///

**III.     Notice and Warning of Requirements for Opposing a Motion to Dismiss, for Failure to Exhaust Administrative Remedies, Pursuant to *Woods* and *Wyatt***

Pursuant to *Woods* and *Wyatt*, 315 F.3d at 1108, the Court hereby notifies Plaintiff of the following rights and requirements for opposing a motion to dismiss for failure to exhaust administrative remedies:

1. Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule 230(l).

2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion to dismiss. Local Rule 230(l). <u>If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute.</u> The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. *Id.*

3. Defendants have filed a motion to dismiss for failure to exhaust the administrative remedies as to one or more claims in the complaint. The failure to exhaust the administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). In deciding a motion to dismiss for failure to exhaust, the Court will look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20 (quoting *Ritza*, 837 F.2d at 368). If the Court concludes that Plaintiff has not exhausted the administrative remedies, the unexhausted claims must be dismissed and the Court will grant the motion to dismiss. *Wyatt*, 315 F.3d at 1120. If all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims. *Jones v. Bock*, 549 U.S. 199, 219-224 (2007).  A dismissal for failure to exhaust is without prejudice.  <u>Wyatt</u>, 315 F.3d at 1120.

If responding to Defendants' unenumerated 12(b) motion to dismiss for failure to exhaust the administrative remedies, Plaintiff may not simply rely on allegations in the complaint. Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting

other evidence regarding the exhaustion of administrative remedies. *See* Fed. R. Civ. P. 43(c); *Ritza*, 837 F.2d at 369. If Plaintiff does not submit his own evidence in opposition, the Court may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole or in part.

    4.  Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

    5.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

IT IS SO ORDERED.

Dated:   August 8, 2012

UNITED STATES MAGISTRATE JUDGE