# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIILIU WASHINGTON, | Case No. 1:09-cv-00500-LJO-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTIONS TO DISMISS BE GRANTED IN PART AND DENIED IN PART, AND THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, AS BARRED BY THE DOCTRINE OF RES JUDICATA |
| v. | |
| DOCTOR AKANNO, et al., | |
| Defendants. | |
| | (ECF Nos. 17 & 24.) |

## I.

## PROCEDURAL HISTORY

Plaintiff Kiiliu Washington, a state prisoner proceeding pro se and in forma pauperis, filed in this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2009. Pursuant to the Court's order filed on January 25, 2012, this action for damages is proceeding on Plaintiff's first amended complaint against Defendants Akanno, Le, Terronez, and Sweeney for deliberate indifference of a serious medical need relating to the treatment or delay in treatment of Plaintiff's injury, which occurred on April 20, 2006. (ECF No. 14.)

Pending before the Court are Defendants' two motions to dismiss.[1] On July 9, 2012, Defendants Akanno, Sweeney, and Terronez filed a motion to dismiss. (ECF No. 17.) On June

---

[1] In the future, the Court encourages later-served Defendants to only raise new or different arguments in a separate motion to dismiss and join in those arguments which have already been raised, rather than cause the Court to have to wade through duplicative arguments. This approach saves both time and costs to the parties and the Court.

11, 2012, Plaintiff filed an opposition. (ECF No. 18.) On June 13, 2012, Defendants filed a reply. (ECF No. 19.) On November 7, 2012, Defendant Le filed a motion to dismiss. (ECF No. 24.) On December 6, 2012, Plaintiff filed his opposition to the motion. (ECF No. 25.) On December 13, 2012, Defendant Le filed a reply. (ECF No. 26.)

Defendants move for dismissal of the claims against them on the grounds that Plaintiff's claim is barred by res judicata and that Plaintiff's claims are barred by the statute of limitations. Fed. R. Civ. P. 12(b)(6). The motions have been submitted upon the record without oral argument pursuant to Local Rule 230(*l*); and for the reasons set forth below, the Court recommends that Defendants' motions to dismiss be granted in part and denied in part, and this action be dismissed, with prejudice, on the ground that it is barred by the doctrine of res judicata.

## II.

## MOTION TO DISMISS LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. Cal. Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). However, the Court

can consider documents extrinsic to the complaint where the authenticity is undisputed and they are integral to the claims. Fields v. Legacy Health Sys., 413 F.3d 943, 958 n. 13 (9th Cir. 2005). Additionally "a court may take judicial notice of 'matters of public record.'" Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986). Claim preclusion may be raised in a Rule 12(b)(6) motion. See Holcombe v. Hosmer, 477 F.3d 1094 (9th Cir. 2007).

Additionally, a claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh, 465 F.3d at 997). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Id. (quoting Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995)).

## III.

## DISCUSSION

### A.   Res Judicata Doctrine

#### 1.   Prior Proceedings[2]

On November 7, 2007, Plaintiff commenced a civil action against Defendant Akanno in Kern County Superior Court.[3] (ECF No. 17-2 at 2.) On June 25, 2008, Plaintiff amended his complaint to add, among others, Defendants Le, Terronez, and Sweeney. Id. at 7. On March 17, 2009, Plaintiff filed a second amended complaint to expand his allegations, to which the state court entered a demurrer with leave to amend. (ECF No. 17-2 at 14, 17-3 at 2.) On October 5,

---

[2] Along with their motion to dismiss, Defendants submitted a motion for the Court to take judicial notice of state court records related to this case. (ECF No. 17-1.) The Court may take judicial "notice of proceedings in other courts, both within and without the federal system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citation omitted). Accordingly, the Court takes judicial notice of Defendants' exhibits 1-16, all of which are state court documents related to this case. (ECF No. 17-2, 17-3, 17-4.)

[3] The Court notes that Plaintiff's name is spelled Kiilu Washington in all of the underlying state court actions as opposed to Kiiliu Washington in this matter.

2009, Plaintiff filed a third amended complaint against the same defendants, alleging the same material allegations as found in Plaintiff's current federal complaint.  (ECF No. 17-3.)  On March 18, 2010, the Superior Court sitting in Kern County dismissed the third amended complaint, without leave to amend, and entered judgment in favor of Defendants.  (ECF No. 17-3 at 22.)  The entire action was dismissed, with prejudice, on May 26, 2011.  Id. at 24.

Plaintiff appealed the decision to the state appellate court, which affirmed the lower court on August 20, 2010.  (ECF No. 17-4 at 10.)  Plaintiff sought review by the California Supreme Court, which denied his petition on November 10, 2010.  (ECF No. 17-4 at 13.)  Plaintiff filed his federal complaint on March 17, 2009.  (ECF No. 1.)

### 2.     Legal Standard

The doctrine of res judicata bars litigation of claims that were or could have been raised in a prior action.  Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted).  Res judicata is meant to protect parties against being harassed by repetitive actions.  See Clements v. Airport Auth. of Washoe, 69 F.3d 321, 329 (9th Cir. 1995).  It also "conserves judicial resources" and "fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."  United States v. Schimmels, 127 F.3d 875, 881 (9th Cir.1997).  Federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state.  Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84, 104 S. Ct. 892 (1984) and Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004)) (quotation marks omitted).  Claims under

Title 42, United States Code, Section 1983 are subject to claim preclusion even if the litigants did not actually litigate the federal claim in state court.  Holcombe, 474 F.3d at 1097; see also Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 83-85, 104 S. Ct. 892 (1984).

Under the Constitution's Full Faith and Credit Clause and under 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Holcombe, 474 F.3d at 1097 (quoting Migra, 465 U.S. at 81). Accordingly, the Court applies California law concerning claim preclusion to the California judgment.

Under California law, a final judgment of a state court precludes further proceedings if they are based on the same cause of action. Brodheim, 584 F.3d at 1268 (citing Maldonado, 370 F.3d at 951) (quotation marks omitted). California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes. Under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. Id. (citing City of Martinez v. Texaco Trading & Transp., Inc., 353 F.3d 758, 762 (9th Cir. 2003)) (quotation marks omitted). If two actions involve the same injury to the plaintiff by the same defendant, then the same primary right is at stake, even if the plaintiff pleads different theories of recovery, seeks different forms of relief, and/or adds new facts supporting recovery. Id. (citing Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612 (1983) (quotation marks omitted).

### 3. Findings

In this instance, it is clear that Plaintiff in this action is attempting to litigate what he already litigated and lost in Kern County Superior Court. Plaintiff alleges in his complaint that Defendants were deliberately indifferent to a serious medical need relating to the treatment or delay in treatment of Plaintiff's injury, which occurred on April 20, 2006. Although Plaintiff did not bring this Eighth Amendment federal claim in his state court proceedings, Plaintiff's current claim is still barred because it involves the same injury and the same wrongs by Defendants. Id. Plaintiff could have and should have raised the deliberate indifference claim in

the first suit, and therefore, Plaintiff's present action against defendants Akanno, Sweeney, Le, and Terronez is barred under the doctrine of res judicata. Accordingly, the Court will recommend the dismissal of this action, with prejudice.

### B. Statute of Limitations

#### 1. Defendants' Position

Defendants argue that Plaintiffs claims are barred by the statute of limitations. Plaintiff alleges misconduct against Defendants that occurred between April 20, 2006 and May 30, 2006. (ECF No. 1 at 3-4.) Plaintiff did not file his complaint until March 17, 2009, nearly three years after the last act Plaintiff complains of by any Defendant. Defendants argue that on the face of the complaint the applicable two-year statute of limitations applies. Defendants further argue that Plaintiff has not alleged facts which would extend the statute of limitation period. Defendants claim that Plaintiff bears the burden to plead and prove the facts necessary to toll the statute.

#### 2. Legal Analysis

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because Section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitation for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitation for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who, at the time the cause of action accrued,

were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction, enjoy a two-year tolling provision for damages actions.  Cal. Civ. Proc. Code § 352.1

When assessing tolling, the burden lies with Defendants to prove that no set of facts would establish the timeliness of the claim.  Von Saher, F.3d at 969 (citing Huynh, 465 F.3d at 997).  Here, Defendants have not met their burden to prove that Plaintiff is not entitled to a tolling period of the statute of limitations.  Defendants have not shown that Plaintiff is not entitled to the California two-year tolling provision for prisoners.  Because it is not clear that Plaintiff's complaint could not be amended to show that he is entitled to this tolling period, a statute of limitations dismissal would be improper.  Id.  Accordingly, the Court denies Defendants' motion to dismiss on the basis of a statute of limitations bar.

### IV.

### CONCLUSION AND RECOMMENDATION

Accordingly, the Court hereby RECOMMENDS that this action be DISMISSED WITH PREJUDICE based on the doctrine of res judicata.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 12, 2013**

UNITED STATES MAGISTRATE JUDGE